UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RONALD WALK and DAWN WALK, | Case No. 11-CV-2762 (PJS/LIB) |
| Plaintiffs, | |
| v. | ORDER |
| HYDRITE CHEMICAL COMPANY, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| TRUTH HARDWARE CORPORATION; CLAWSON PRODUCTS COMPANY, f/k/a Clawson Container Company; BANJO CORPORATION; JOHN DOE; and MARY ROE, | |
| Third-Party Defendants. | |

---

Plaintiffs Ronald and Dawn Walk allege that they were injured because of a defect in a chemical tote provided to Ronald's employer (third-party defendant Truth Hardware Corporation ("Truth Hardware")) by defendant Hydrite Chemical Company ("Hydrite"). The Walks have reached a settlement in principle with Hydrite. But Truth Hardware, which paid worker's-compensation benefits to Ronald, refuses to consent to the settlement.

Although the information available to the Court is incomplete, Truth Hardware and the Walks apparently do not disagree about the reasonableness of the amount of the Hydrite settlement. Rather, Truth Hardware and the Walks appear to disagree about a separate question — specifically, how much of that settlement must be paid by the Walks to Truth Hardware under Minn. Stat. § 176.061, subd. 6. In other words, it appears that Truth Hardware is withholding its consent to the settlement not because it has a good-faith objection to the amount of the

settlement, but rather to gain leverage in its dispute with the Walks about the portion of the settlement that must be paid to Truth Hardware.

The Walks now ask the Court for a ruling about how § 176.061, subd. 6 would apply to their tentative settlement with Hydrite. ECF No. 110. This is an unusual request — and, as best as the Court can tell, no federal court has ever issued a ruling of the type sought by the Walks. The Court has several concerns about the Walks' motion:

First, the dispute that the Walks ask this Court to resolve appears to be a dispute among citizens of Minnesota over the meaning of a Minnesota statute, and the amount at stake appears to be about $40,000. Does the Court even have subject-matter jurisdiction over this dispute?

Second, the Walks seem to want the Court to rule on how much of the Hydrite settlement must be paid to Truth Hardware *if* the settlement is consummated. The Walks seem to assume that, after this Court expresses its view about the proper application of Minn. Stat. § 176.061, subd. 6, Truth Hardware will then consent to the settlement. Why is that so? If, for example, the Court agrees with the Walks' reading of the statute, what would prevent Truth Hardware from continuing to withhold its consent to the settlement?

Third, is this dispute ripe for judicial resolution? The Walks appear to be asking the Court to decide how a Minnesota statute would apply to a settlement that may never be consummated (because Truth Hardware may never consent to the settlement, no matter what the Court says about the statute's meaning). This causes the Court to question whether it has Article III jurisdiction to issue such a ruling — and, even if it does, whether it should decline to issue such a ruling for prudential reasons. *See Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000) ("The ripeness doctrine flows both from the Article III

'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction.").

Finally, does Truth Hardware, in fact, have the right to withhold its consent to the settlement of the Hydrite claims? The Walks cite *Jackson v. Zurich American Insurance Co.*, 542 N.W.2d 621 (Minn. 1996), for the proposition that when an employer has paid worker's-compensation benefits, an employee may not settle a claim with a third party that purports to include the subrogation interest of the employer unless the employer consents to the settlement. *See Jackson*, 542 N.W.2d at 624-25. *Jackson* also states, however, that the employer's right to withhold its consent is not limitless. *See id*. ("This is not to suggest that an employer or workers' compensation insurer may always withhold consent to a settlement agreement without regard to the circumstances . . . ."). It appears that Minnesota law gives the employer the right to withhold consent to a settlement of a third-party claim so that the employee does not settle too cheaply. But, as noted, there does not seem to be any dispute that the amount of the Hydrite settlement is reasonable; instead, it appears that Truth Hardware is refusing to consent to the Hydrite settlement merely to pressure the Walks to agree to Truth Hardware's position in the separate dispute about the allocation of that settlement. Is this permissible basis for withholding consent under Minnesota law?

The Court will need briefing from the parties regarding these questions before deciding whether to address the dispute between the Walks and Truth Hardware on the merits. If the Court decides that it can and should address the merits of the dispute, the Court will need a second round of briefing about the merits.

Before ordering briefing from the parties, however, the Court first wants the parties to attempt to mediate their dispute before Judge Brisbois (or, if the parties prefer, before a private mediator).  It appears that this dispute involves about $40,000, and that it will cost the parties far more than $40,000 to litigate this dispute to a conclusion.  Reasonable people should be able to resolve this dispute for a fraction of what it will cost to litigate this dispute.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  By April 3, 2013, plaintiffs Ronald and Dawn Walk and third-party defendant Truth Hardware Corporation must contact Magistrate Judge Leo I. Brisbois — or, if they prefer, a private mediator — and arrange for the mediation of their dispute.

2.  The parties must inform the Court immediately after the mediation whether they have settled their dispute.  If the parties fail to settle their dispute, the Court will enter an order setting forth a briefing schedule for the first round of supplemental briefing described above.

Dated: March 27, 2013         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge